```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**MARY E. POLLOCK,**

        **Plaintiff,**

  vs.                                     **Civil Action 2:14-cv-1987**
                                                **Judge Marbley**
                                                **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

<u>**REPORT AND RECOMMENDATION**</u>

**I.    Background**

      This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is before the Court for consideration of *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 15, and the *Defendant's Memorandum in Opposition*, Doc. No. 16.

      Plaintiff Mary E. Pollock protectively filed her application for benefits on November 1, 2011, alleging that she has been disabled since May 10, 2011.  *PAGEID* 162, 254.  The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

      An administrative hearing was held on January 10, 2013, at which plaintiff, represented by counsel, appeared and testified, as did John R. Finch, Ph.D., who testified as a vocational expert.  *PAGEID* 127,

162. In a decision dated March 29, 2013, the administrative law judge concluded that plaintiff was not disabled from May 10, 2011, through the date of the administrative decision. *PAGEID* 162-71. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 23, 2014. *PAGEID* 93-96.

Plaintiff was 44 years of age on the date of the administrative decision. *See PAGEID* 171, 254. Plaintiff met the special earnings requirements of the Social Security Act on the alleged onset date and through the date of the administrative decision. *PAGEID* 164. Plaintiff has past relevant work as a mail clerk. *PAGEID* 170. She has not engaged in substantial gainful activity since May 10, 2011, the alleged onset date. *PAGEID* 164.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of status post lumbar spine laminectomy/fusion, degenerative disc disease lumbar spine with retrolisthesis at L3/4, obesity, and bilateral carpal tunnel syndrome. *PAGEID* 164. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform a significant range of light work (20 CFR 404.1567(b)). Specifically, the claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, sit about six hours in an eight-hour workday and stand/walk for about six hours each, in an eight-hour workday. She can frequently climb ramps/stairs and occasionally stoop, kneel, crouch and crawl. She cannot

>     climb ladders/ropes/scaffolds.  She can frequently use her
>     hands for fingering, feeling and handling.

*PAGEID* 165-66.  Relying on the testimony of the vocational expert, the administrative law judge found that this RFC does not preclude the performance of plaintiff's past relevant work as a mail clerk.  *PAGEID* 170-71.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from May 10, 2011, through the date of the administrative decision.  *PAGEID* 171.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667

F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, see *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff first argues that the administrative law judge erred "by failing to properly develop the record." *Statement of Errors*, PAGEID 627.  Plaintiff specifically argues that the administrative law judge "erred in failing to obtain a medical source statement from Plaintiff's treating surgeon, Dr. Todd." *Id*.  Plaintiff argues that, "[g]iven the magnitude of the disabling limitations rendered in Dr. Todd's post-operative notes, including the persisting spine issues like disc bulges, it was the ALJ's duty to develop the record further."  *Id*. at *PAGEID* 628.  Plaintiff also argues that the administrative law judge "should have obtained a consultative examination regarding Plaintiff's physical impairments to truly ascertain her disabling limitations." *Id*.  Plaintiff's arguments are not well taken.

The claimant bears the ultimate burden of proving by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  An administrative law judge has a "special, heightened duty to develop the record" when a claimant is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures."  *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y of Health & Human Servs.*,

4

708 F.2d 1048, 1051-52 (6th Cir. 1983)).  Here, however, plaintiff was represented by counsel at the administrative hearing, *PAGEID* 127, and the administrative law judge therefore did not operate under that "special, heightened duty to develop the record." *See Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir. 2003).

An administrative law judge also "has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1517, 416.917).  An administrative law judge may order a consultative examination when there is insufficient medical evidence to determine whether a claimant is disabled.  20 C.F.R. § 404.1517.  Here, the record reflects sufficient evidence of plaintiff's impairments and the effects of those impairments on plaintiff's RFC.  In determining plaintiff's RFC, the administrative law judge considered the opinion evidence and the treatment notes of Larry T. Todd, Jr., D.O., *PAGEID* 168, but gave "great weight" to the opinions of the reviewing state agency physicians, Steve E. McKee, M.D., and Rachel Rosenfeld, M.D.  *PAGEID* 166-67.  It therefore cannot be said that the administrative law judge erred in failing to order a consultative examination or to secure a medical opinion from Dr. Todd.

Plaintiff next argues that the administrative law judge erred in his credibility determination.  Plaintiff specifically argues that the administrative law judge "erred in discrediting Plaintiff due to lack

5

of 'aggressive treatment,'" and "due to her failure to quit smoking contrary to medical advice." *Statement of Errors*, *PAGEID* 629-30.

A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). *See also* 42 U.S.C. § 423(d)(5)(A). In evaluating subjective complaints, it must be determined whether there is objective medical evidence of an underlying medical condition. *Stanley v. Sec' of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). If so, then the evaluator must determine (1) whether objective medical evidence confirms the severity of the complaint arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged complaint. *Id.; Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating a claimant's credibility, an administrative law judge should consider the objective medical evidence and the following factors:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6

>   6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
>   7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186 (July 2, 1996). An administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness's demeanor while testifying. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)). However, credibility determinations must be clearly explained. *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). If the administrative law judge's credibility determinations are explained and enjoy substantial support in the record, a court is without authority to revisit those determinations. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978).

In the case presently before the Court, the administrative law judge summarized plaintiff's testimony at the administrative hearing but found her testimony "not fully credible." *PAGEID* 167-69. The administrative law judge evaluated the medical evidence, including the evidence related to plaintiff's back surgery and follow-up treatment, and found that,

>   [r]egarding overall credibility, the evidence fails to document that the claimant has demonstrated most of the signs typically associated with chronic, severe pain, such

as muscle atrophy, spasm, rigidity, or tremor. There is no evidence of persistent neurological deficits. Clinical examinations have not identified signs of inflammatory disease, nor is there evidence of other signs that might be expected in the presence of a truly debilitating impairment, such as bowel or bladder dysfunction. In addition, an electromyogram in August 2012 of the right leg (Exhibit 16F/3-4) was normal.

*PAGEID* 168. The administrative law judge also noted the following:

> The claimant's allegations of disability are inconsistent with her overall medical regimen. I note that has [sic] undergone back surgery and participated in pain management; however, she has not aggressive [sic] treatment for her other complaints. I note that she has not required emergency room or in-patient treatment since her surgery in January 2012 (Exhibit 9F). She has not participated in post-surgical physical therapy, although she has had chiropractic treatment. She has denied the presence of debilitating side-effects from her use of medication. She does not have a treating mental health source.
>
> In addition to the general lack of objective evidence to support her subject complaints, there are other considerations that weigh against the claimant's overall credibility. For example, in conjunction with the claimant's application for benefits, the claimant stated that she used to take care of her grandchildren, but that her husband does it now (Exhibit 4E/2). She also testified to the same. However, Dr. Todd reported that the claimant "has a lot of small children that she cares for in her home and so that can be stressful and physically demanding" (Exhibit 12F/2-3 and 13F). Giving the claimant the benefit of the doubt, it is possible that she is no longer taking care of her grandchildren.
>
> Although the claimant has described daily activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors

> discussed in this decision.
>
> There are also notes from Dr. Todd releasing the claimant to return to work (Exhibits 12F/5, 14F/3 and 16F/2) as well as admonishments to stop smoking with regard to her back healing (Exhibits 12F/2-3 and 14F).

*PAGEID* 169.

Plaintiff argues that the administrative law judge "erred in discrediting Plaintiff due to lack of 'aggressive treatment,'" and "due to her failure to quit smoking contrary to medical advice." *Statement of Errors*, *PAGEID* 629-30.  This Court disagrees.  As noted *supra*, an administrative law judge is permitted to consider the type of treatment a claimant has undergone when assessing a claimant's credibility.  *See* 20 C.F.R. § 404.1529(c)(3)(v); *Blaim v. Comm'r of Soc. Sec.*, 595 F. App'x 496, 499 (6th Cir. 2014) ("Even the mildness of [the claimant's] treatment - mostly pain medication, weight loss, and exercise - suggested that his ailments were comparatively mild.") (citing *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)); SSR 96-7P, 1996 WL 374186 (July 2, 1996).  It therefore was not error for the administrative law judge to note that plaintiff had not undergone "aggressive treatment for her other complaints" unrelated to her back surgery.  The administrative law judge is also permitted to consider whether a claimant has complied with medical advice, including whether she was advised to stop smoking and failed to do so.  *See Russell v. Sec'y of Health & Human Servs.*, 921 F.2d 277 (6th Cir. 1990) (citing *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)).  To the extent that a claimant's failure to stop smoking against medical advice may "not

9

support a finding that [the claimant] is not credible," *see Johnston v. Comm'r of Soc. Sec.*, No. 1:10-CV-444, 2012 WL 1030462, at *8 (S.D. Ohio Mar. 27, 2012), that error, if any, is not sufficient to entirely vitiate the remainder the administrative law judge's credibility evaluation or the ultimate credibility determination, which is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The administrative law judge noted and followed the appropriate standards, performed an appropriate evaluation of the evidence, and clearly articulated the bases of his credibility determination. The analysis and credibility determination of the administrative law judge enjoy substantial support in the record. This Court will not – and indeed may not – revisit that credibility determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In a related argument, plaintiff argues that the administrative law judge erred in relying on the testimony of the vocational expert. *Statement of Errors*, PAGEID 631-32. Plaintiff specifically argues that the hypothetical posed to the vocational expert was deficient because the administrative law judge erred in developing the record and in assessing plaintiff's credibility. *Id*. Plaintiff also argues that the administrative law judge failed to consider the mental demands of plaintiff's past relevant work and erred in finding that plaintiff "can perform the past relevant work as 'actually performed.'" *Id*.

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work [or her past relevant work], the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). "Hypothetical questions, however, need only incorporate those limitations which the [administrative law judge] has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (citing *Casey*, 987 F.2d at 1230).

The administrative law judge posed to the vocational expert a complete hypothetical question that incorporated all of plaintiff's impairments as found by the administrative law judge. *Compare* PAGEID 166 *with* PAGEID 152. The vocational expert responded that such a claimant could perform plaintiff's past relevant work "as defined by the DOT, but not as performed by her." PAGEID 152-53. The vocational expert identified the physical and mental demands of plaintiff's past relevant work by stating that a mail clerk is classified "as a light strength position, SVP: 2, unskilled" and noting that it appeared from the record and plaintiff's testimony that plaintiff performed the position "somewhere between medium and heavy strength." PAGEID 152. The administrative law judge relied on testimony of the vocational expert and found that plaintiff "is able to perform [her past relevant work] as generally performed." PAGEID 171. Plaintiff's arguments to the contrary notwithstanding, the administrative law judge did not find that plaintiff was capable of performing her past relevant work

11

as actually performed by her, *i.e.*, "somewhere between medium and heavy strength." *See PAGEID* 152. The administrative law judge therefore did not err in relying on the vocational expert's testimony. *See Parks*, 413 F. App'x at 865 ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. . . . Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible.") (internal citations and quotations omitted); *Felisky*, 35 F.3d at 1036 (where a hypothetical accurately described the plaintiff in all relevant respects, the vocational expert's response to the hypothetical question constitutes substantial evidence).

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


June 5, 2015                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

13